## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **CODY JAMES** : | **NO.** |
| **VS.** : | |
| | **JUDGE** _____ |
| **CITY OF MINDEN, MINDEN POLICE CHIEF STEVE CROPPER, MINDEN POLICE OFFICER SETH YOUNG, AND MINDEN POLICE OFFICER JOHN DOE** : | |
| | **MAGISTRATE JUDGE** _____ |
| | **JURY TRIAL REQUESTED** |

### COMPLAINT FOR DAMAGES

1.

Plaintiff brings this action to recover from the defendants compensatory damages, punitive damages, reasonable attorney fees, judicial interest, and all costs and expenses incurred in these proceedings, pursuant to 42 United States Code, Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and other applicable state and federal statutes and constitutional provisions, based upon the following:

### PARTIES

2.

The Plaintiff is Cody James (hereinafter "Mr. James" or "Plaintiff") a person of the full age of majority who resides in Minden, Louisiana, and who is a resident and domiciliary of the Western District of Louisiana.

3.

Made Defendants herein are:

    a.    The City of Minden (hereinafter "CITY") is a municipality and political subdivision of the State of Louisiana, and at all times relevant hereto, had authority over the City of Minden Police Department, its policies, procedures, customs, and practices.

    b.    Minden Police Chief Steve Cropper is a person of the full age of majority, whose actual domicile and residence are unknown, but who is believed to be a resident and domiciliary of the Western District of Louisiana, and is employed by the City of Minden, and at all times relevant hereto, was acting under the color of law and in the course and scope of his employment, and had authority over the City of Minden Police Department, its policies, procedures, customs, and practices.

    c.    Officer Seth Young (hereinafter "YOUNG") is a person of the full age of majority, whose actual domicile and residence are unknown, but who is believed to be a resident and domiciliary of the Western District of Louisiana and is employed by the City of Minden as a police officer, and at all times relevant hereto, was acting under the color of law and in the course and scope of employment.

    d.    Officer John Doe, who is not identified in reports regardint this incident, is a person of the full age of majority, whose actual domicile and residence are unknown, but who is believed to be a resident and domiciliary of the Western District of Louisiana and is employed by the City of Minden as a police officer, and at all times relevant hereto, was acting under the color of law and in the course and scope of employment.

**JURISDICTION**

4.

This is a civil action seeking monetary damages against defendants for committing, and conspiring to commit, acts under color of law which deprived Plaintiff of rights secured under the Constitution and laws of the United States and which deprived Plaintiff of his security,

liberty, and property without due process of law and without equal protection of the laws, as guaranteed to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and other statutes and constitutional provisions.

5.

This Court has jurisdiction pursuant to 42 United States Code, Sections 1983 and 1988, and 28 United States Code, Sections 1331 and 1343. Jurisdiction of this Court is further invoked pursuant to 28 United States Code, Section 1367, in its exercise of supplemental jurisdiction over Louisiana State Law claims that are so related to claims in the action within the District Court's original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

**FACTUAL ALLEGATIONS**

6.

At approximately 2:00 p.m. on October 4, 2020, Plaintiff Cody James and his wife Amber James, had a verbal disagreement in their bedroom at their home located at 1072 Country Club, Minden, Louisiana when they heard a series of knocks on the bedroom door of their home.

7.

Mr. James opened the bedroom door and saw two police officers immediately outside his bedroom door.

8.

The officers asked what was going on, and Mr. James explained the situation, Officer Seth Young stated that they had received a call that Mr. James was choking and punching Mrs. James. Mrs. James advised these officers that Mr. James had never put his hands on her. Officer Young stated that this was a lie because he could see that Mrs. James had a "busted lip."

9.

Both Mr. and Mrs. James immediately informed the officers that Mrs. James had a medical condition that caused the mark on her lip. Mrs. James then informed Officer Young that she would allow him to look closer to see the "mark" and that she had pictures from several days prior with the mark in the same spot.

10.

Young ignored Mrs. James' unequivocal statement that Mr. James had not struck her, and also refused to inspect the mark more closely or view the photos that Mrs. James had taken of the same mark several days prior.  Young then told the other officer that he was going to arrest Mr. James. When Mr. and Mrs. James questioned why Mr. James was being arrested, Young replied that it was because Mr. James had hit Mrs. James.

11.

After Mr. James was arrested, Mrs. James' Stepfather spoke with Young and asked why Mr. James was arrested. In response, Young stated that he and Mr. James had had "issues in the past" from a prior incident between the two of them, apparently causing Young to harbor resentment against Mr. James. When Young placed Mr. James in the back of his patrol unit, he intentionally refused to secure Mr. James with a seatbelt. Mr. James repeatedly asked Young to buckle his seatbelt, and Young refused.

12.

While transporting Mr. James to the Webster Parish Detention Center, Young drove in an aggressive and reckless manner, causing Mr. James to be thrown around in the back of Young's patrol unit

12.

After Mr. James had been hurt as a result of Young's driving and Young's refusal to secure Mr. James with a seatbelt, Young engaged the audio and video recording equipment that is supposed to be used during the entirety of any police encounter with citizens of Minden.

13.

Mr. James was booked into the Webster Parish Detention Center on the charge of domestic abuse battery, and his bail was set at $50,000.00.

14.

Mr. James then retained an attorney to represent him.

15.

After Mr. James retained an attorney, and after the district attorney reviewed the facts and circumstances leading to Mr. James' arrest, the charges against Mr. James were declined for prosecution and he was released from jail.

**FIRST CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 USC §§ 1983 & 1988**

Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

16.

Acting under color of law and pursuant to official policy or custom, Defendant YOUNG, with other Defendants, knowingly, recklessly, and with deliberate indifference and callous disregard for Plaintiff's rights, entered Plaintiff's home, arrested him, transported him to a patrol

unit (and to jail) in a dangerous manner, and charged him with having committed a violent felony crime against his wife, despite the absence of any probable cause to believe that Plaintiff had committed any criminal offense. Defendants thereby deprived Plaintiff of his rights to due process and equal protection of the law in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988.

17.

This Constitutional deprivation renders Defendants liable to Plaintiff for full compensatory damages, attorney fees, costs of this action sufficient to remedy the damage to Plaintiff, and punitive damages.

## SECOND CLAIM FOR RELIEF
## UNJUSTIFIED AND EXCESSIVE USE OF FORCE & PHYSICAL BRUTALITY
## UNDER 42 USC §§ 1983 & 1988

Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

18.

Acting under color of law and pursuant to official policy or custom, Defendant YOUNG, knowingly, recklessly, intentionally, and with callous disregard for Plaintiff's rights, entered Plaintiff's home, arrested him, transported him to a patrol unit (and to jail) in a dangerous manner that caused Plaintiff to be injured, and charged Plaintiff with having committed a violent felony against his wife. Defendants thereby deprived Plaintiff of his rights to due process and equal protection of the laws, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988.

19.

These constitutional deprivations render Defendants liable to Plaintiff for full compensatory damages, attorney fees, and costs of this action sufficient to remedy the damage to Plaintiff and for additional punitive damages

## THIRD CLAIM FOR RELIEF
## FEDERAL LAW LIABILITY OF THE CITY OF MINDEN, LOUISIANA

Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

20.

Acting under color of law and pursuant to official policy or custom, CITY, through supervisory personnel, including but not limited to Chief of Police Cropper and Officer Young, failed to abide with the the basic due process rights implicated in an arrest scenario, the appropriate use of force, and truthfully and accurately reporting facts in police reports. Those duties specifically include duties to refrain from violating and conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Louisiana in the specifics set forth in the foregoing counts and other allegations of this Complaint and otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities. CITY had knowledge, or had it exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be and were being committed. CITY had the power to prevent the commission of these wrongs, could have done so by reasonable dili all prior paragraphs gence, and knowingly, recklessly, and with deliberate indifference and callous disregard of the Plaintiff's rights, failed or refused to do so. CITY,

directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the police officers heretofore described.

21.

As a direct and proximate cause of the acts of the defendants and those working in concert with them as described above, Plaintiff has suffered personal injury, severe mental anguish, and other losses in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United State of America and protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

22.

These constitutional deprivations render CITY liable to Plaintiff for full compensatory damages, attorney fees, costs of this action sufficient to remedy the damage to Plaintiff, and punitive damages.

**FOURTH CLAIM FOR RELIEF**
**STATE LAW CLAIM FOR INTENTIONAL TORT OF BATTERY**

Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

23.

Acting without Plaintiff's consent or legal authority to arrest Plaintiff, Defendants YOUNG, intentionally, knowingly, recklessly, and with deliberate indifference and callous disregard for Plaintiff's rights, entered Plaintiff's home, arrested him, transported him to a patrol unit, and charged Plaintiff with having committed a violent crime. This act of physical restraint and arrest was made in the absence of any valid authority or probable cause, and thus constitutes the intentional tort of battery under the laws of Louisiana because Plaintiff did not consent to being handcuffed, placed in a patrol unit, and thrown about the back of the unit after Young

refused to buckle Plaintiff's seatbelt and then drove in a reckless manner calculated to cause injury to Plaintiff.

24.

Pursuant to this Court's supplemental jurisdiction, Plaintiff shows that the action and/or inaction of defendants, as set forth above, deprived Plaintiff of rights under State Law, including the Louisiana Constitution of 1974, as amended, and Louisiana Civil Code Article 2315, 2317, and 2320. These non-exclusive state law deprivations render said defendants, along with other unknown participants or co-conspirators, liable to Plaintiff *in solido* for full compensatory damages, including general damages, special damages, and costs of this action.

### FIFTH CLAIM FOR RELIEF
### STATE LAW CLAIM FOR MALICIOUS PROSECUTION

Plaintiff re-alleges all previous paragraphs of this petition as though fully set forth herein.

25.

By filing false reports resulting in false charges against Mr. James, Young commenced and caused an original criminal judicial proceeding. All of the charges were dismissed in favor of Mr. James, and there was no probable cause justifying the initiation of those charges. The false police reports were made for the malicious purpose of concealing the wrongful conduct of the officers who arrested Mr. James, and for the purpose of casting him in a negative light in order to justify the deprivation of rights that occurred. Mr. James has suffered significant damages, including the costs of legal representation, bond fees, medical treatment, and other general and special damages, which conform to applicable legal standards controlling tort and civil rights remedies.

26.

Pursuant to the Court's supplemental jurisdiction, Plaintiff shows that the action and/or inaction of defendants, as set forth in the foregoing cited paragraphs, deprived Plaintiff of rights under State Law, including the Louisiana Constitution of 1974, as amended, Louisiana Civil Code Article 2315, 2317, and 2320. These non-exclusive state law deprivations render said defendants, along with other unknown participants or co-conspirators, solidarily liable to Plaintiff for full compensatory damages, including general damages and special damages (medical and legal expenses), and costs of this action.

## SIXTH CLAIM FOR RELIEF
## INDEPENDENT LIABILITY OF CITY OF MINDEN

Plaintiff re-alleges all previous paragraphs of this petition as though fully set forth herein.

27.

Pursuant to the Court's supplemental jurisdiction, Plaintiff shows that the action and/or inaction of CITY, as set forth in the foregoing cited paragraphs, deprived Plaintiff of rights under State Law, including the Louisiana Constitution of 1974, as amended, Louisiana Civil Code Article 2315, 2317, and 2320, and including, but not limited to, theories of recovery such as abuse of process, negligence, gross negligence, and intentional torts.

28.

These non-exclusive State Law deprivations render CITY liable to Plaintiff for full compensatory damages, including general damages and special damages (medical and legal expenses), and costs of this action.

## SEVENTH CLAIM FOR RELIEF
## VICARIOUS LIABILITY OF CITY OF MINDEN

Plaintiff re-alleges all previous paragraphs of this petition as though fully set forth herein.

39.

Pursuant to the Court's supplemental jurisdiction, Plaintiff shows that, at all times material to this Complaint, CITY is liable for the actions of defendant YOUNG, and the other employees of CITY, to the extent said persons were acting in the capacity as either agents or employees of CITY, thereby placing liability upon CITY pursuant to the theories of agency, *respondeat superior*, and vicarious liability for all causes and claims stated herein arising under the law of the State of Louisiana.

29.

These non-exclusive state law deprivations render said defendants, along with other unknown participants or co-conspirators, solidarily liable to Plaintiff for full compensatory damages, including general damages and special damages (past, present, and future medical expenses), and costs of this action.

## EIGHTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS AND ABUSE OF PROCESS

Plaintiff re- all prior paragraphs as though fully set forth herein.

30.

Defendant YOUNG, conspired to bring false charges against Mr. James in order to deprive Mr. James of due process and other constitutional rights in violation of 42 U.S.C. § 1985. Further, YOUNG's conspiracy to bring false charges against Mr. James constitutes abuse of process under the laws of Louisiana. Further, the individual officers who falsely stated that Mr. James had committed a crime were aware of the conspiracy, knew that it would serve to deprive Mr. James of his civil rights under the Constitution, and neglected or refused to prevent that deprivation, in violation of 42 U.S.C. §§ 1986.

42.

These non-exclusive deprivations and intentional acts render said defendants, along with other unknown participants or co-conspirators, solidarily liable to Plaintiff for full compensatory damages, including general damages and special damages (medical and legal expenses), costs of this action, and punitive damages.

**NINTH CLAIM FOR RELIEF**
**LOUISIANA STATE LAW CLAIM FOR FALSE IMPRISONMENT**

Plaintiff repeats and incorporates all previous paragraphs of this petition as through fully pled and stated herein.

43.

Defendant YOUNG, and CITY, individually and together, and jointly and severally, and by and through their agents, servants, and employees, unlawfully restrained and/or imprisoned Plaintiff and restricted Plaintiff's personal liberty and freedom of locomotion.

44.

Defendant YOUNG, and CITY, through its agents, servants, and employees physically and unlawfully invaded the home of Plaintiff, and forcibly took hold of Plaintiff and restrained him with handcuffs, rendering him immobile.

45.

Defendants YOUNG and CITY, through its agents, servants, employees, maliciously, willfully, deliberately, wantonly, intentionally restrained Plaintiff, and restricted his movements with the use of mechanical restraints including handcuffs.

46.

Plaintiff was falsely imprisoned, without any justification, and against his will, in his own home, in the back of a police car, and in jail.

47.

Defendants YOUNG, and CITY, by and through their agents, servants, and/or employees, acted without having any reasonable grounds to believe that Plaintiff had committed a criminal offense, or that it was otherwise legally and morally necessary to restrain him or imprison him.

48.

At no time did Plaintiff give permission, consent, or authority to be restrained or imprisoned or confined by anyone.

49.

Plaintiff's imprisonment and confinement were by physical force and physical barrier, and his confinement was complete.

50.

As a direct and proximate foreseeable result of the Defendants' false imprisonment, as set forth above, Plaintiff suffered injuries, including physical bodily injuries, physical pain and suffering, mental pain and suffering, emotional distress, and loss of enjoyment of life.

## ELEVENTH CLAIM FOR RELIEF
## VIOLATION OF 42 U.S.C. § 1983 - POLICY AND CUSTOM

Plaintiff repeats and incorporates the allegations of paragraphs 1 through 49 as though fully pled and stated herein.

51.

At all relevant times, the employees, agents and/or officers of CITY's Police Department, including YOUNG, were acting under the color of state law.

52.

At all relevant times, the employees, agents, and/or officers of Minden's Police Department, including YOUNG, were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of the Minden Police Department.

53.

Upon information and belief, Defendant City of Minden, including its agents, employees, and/or officers, together with other City of Minden policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

 a. Failing to train or supervise officer who falsely arrest suspects in the absence of probable cause justifying the arrest;

 b. The appropriate use of force and securing the safety of suspects who are being transported;

 c. Failing to enforce a policy requiring officers to record their interactions with the public, especially during an arrest scenario.

54.

CITY had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, CITY condoned, tolerated, and through its own actions or inactions, ratified such policies. CITY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff.

55.

As a direct and proximate result of the Constitutional violations caused by the employees, agents and/or officers of the Minden Police Department, and the policymakers, Plaintiff suffered violations of his Constitutional rights guaranteed to him by the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as other provisions of the United States Constitution, and suffered physical and emotional injuries.

56.

Moreover, as a result of the defendant Officers' actions, including those of Officer YOUNG, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney fees pursuant to 42 USC § 1988.

### REQUEST FOR TRIAL BY JURY

Plaintiff desires and requests to have this case tried by a jury.

### PRAYER

WHEREFORE, Plaintiff Cody James prays for judgment in his favor and against the defendants in the following particulars:

    a.    **For complete compensatory and special damages;**

    b.    **For judgment in favor of the Plaintiff and against defendant Young for appropriate punitive damages;**

    c.    **For judgment in favor of the Plaintiff and against the defendants, *in solido*, for complete compensatory damages;**

    d.    **For this case to be tried by a jury;**

    e.    **For reasonable attorney's fees as authorized by law;**

    **f.**       **For interest on all monetary awards from date of judicial demand until paid;**

    **g.**       **For all costs of this proceeding, including expert witness fees; and,**

    **h.**       **Such other relief as this Court deems just and equitable.**

Respectfully Submitted,

**THE HATCH LAW FIRM, LLC.**

*/S/ CHRISTOPHER HATCH*
**CHRISTOPHER HATCH**
**LOUISIANA BAR NUMBER 32050**
223 FANNIN STREET
SHREVEPORT, LOUISIANA 71101
318-425-3965 (TELEPHONE)
318-900-7818 (FACSIMILE)
ATTORNEYCHRISHATCH@GMAIL.COM